```
                             UNITED STATES DISTRICT COURT
                             SOUTHERN DISTRICT OF FLORIDA

                             CASE NO. 09-21066-Civ-ALTONAGA
                                    (06-20648-Cr-ALTONAGA)
                             MAGISTRATE JUDGE P. A. WHITE
RENIER HERRERA,              :

     Movant,                 :

v.                           :     REPORT OF MAGISTRATE
                                   JUDGE RECOMMENDING
UNITED STATES OF AMERICA,    :     THAT MOTION BE GRANTED

     Respondent.             :
_____
```

Introduction

This matter is before the Court on the movant, Renier Herrera's, motion to vacate, attacking the constitutionality of his convictions and sentences for possession of crack cocaine, possession of marijuana, and felon in possession of a firearm and ammunition entered following a jury verdict in case no. 06-20648-Cr-Altonaga.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Cases in the United States District Courts.

This Court has reviewed the motion (Cv-DE#1) with supporting memorandum (Cv-DE#3), the government's responses (Cv-DE#s11,14), the movant's reply (Cv-DE#12), the PSI, and the underlying criminal file.

The movant raises multiple claims, as follows:

1.   His convictions are unlawful because Public Law 80-
     772 never became law, and thus 18 U.S.C. §3231 did

      not confer jurisdiction upon the court over the charges.

2. His conviction for violation of 18 U.S.C. §922(g) is unconstitutional, because Congress overextended its Commerce Clause power.

3. Pursuant to the Supreme Court's decision in <u>Begay v. United States</u>, __ U.S. ___, 128 S.Ct. 1581 (April 16, 2008), and thereafter, the Eleventh Circuit opinion in <u>Archer v. United States</u>, 531 U.S. 1347 (11th Cir. 2008), which have now clarified that a conviction for carrying a concealed firearm is not a qualifying predicate offense under the Armed Career Criminal Act, 18 U.S.C. §924(e), his enhanced sentence as an armed career criminal can no longer stand and he is therefore entitled to resentencing.

4. He is currently challenging state court convictions and is therefore preserving the right to return to the federal courts to challenge the prior convictions used to enhance his sentence.

In its response, the government concedes that the movant's motion should be granted as to claim three above, and that a new sentencing hearing be had. (Cv-DE#11). Therefore, it is recommended that this motion be granted as to claim three above.

<u>Procedural History</u>

The remaining claims will be discussed after a brief procedural history. The movant was charged with and convicted for possession of crack cocaine (Count 1), possession of marijuana (Count 2), and felon in possession of a firearm and ammunition (Count 3), following a jury verdict. (Cr-DE#s1,37).

Prior to sentencing, a PSI was prepared which reveals as follows. The movant's base offense level was set at 24, and then increased by four levels because he possessed a firearm in

connection with another felony offense. (PSI ¶¶13-14). Moreover, the movant's offense was increased because it was found that he was subject to an enhanced sentence as an armed career criminal, pursuant to U.S.S.G. §4B1.4. (PSI ¶19). One of the prior offenses used to enhance his sentence was a conviction for carrying a concealed firearm. (PSI ¶32). Thus, his base offense level was increased to a level 33. (PSI ¶21). The probation officer next determined that the movant had a total of 21 criminal history points, resulting in a criminal history category VI, however, that was of no import, as a career offender's criminal history category is always VI. (PSI ¶48). Based on a total offense level 33 and criminal history category VI, the guideline range was set at 235 to 293 months in prison. (PSI ¶95). The movant filed objections to the PSI, challenging the use of prior convictions to support his enhancement. (Cr-DE#49,58).

On May 15, 2007, the court overruled the movant's objections, adopted the findings contained in the PSI, and thereafter sentenced the movant to a total term of 235 months in prison, consisting of 36 months in prison as to Count 1, 90 days as to Count 2, and 235 months as to Count 3. (Cr-DE#65; Cr-DE#70:23-25).

The movant appealed, challenging the denial of his motion to suppress, and his enhanced sentence as an armed career criminal. (Cr-DE#64). On March 27, 2008, the Eleventh Circuit Court of Appeals affirmed the convictions and sentences in a written, but unpublished opinion. (Cr-DE#64).

For purposes of the federal, AEDPA one-year limitations period, the movant's conviction became final at the latest on June 27, 2008, ninety days after the judgment issued when time expired

for seeking certiorari review with the Supreme Court.[1] Thus, the movant was required to file this motion to vacate within one year from the time the judgment became final, or no later than June 27, 2009. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986). This motion to vacate was timely filed on April 6, 2009.[2]

## Discussion of Remaining Claims

In **claim one**, his convictions are unlawful because Public Law 80-772 never became law, and thus 18 U.S.C. §3231 did not confer jurisdiction upon the court over the charges. The movant argues that the government and the federal courts lack subject matter jurisdiction over the case. He claims that Public Law 80-772 and H.R. 3190 granting the government jurisdiction to prosecute and the federal courts jurisdiction to indict, adjudicate, and sentence are unconstitutional on their face and null and void *ab initio* because they violate the Presentment Clause and the Separation of Powers doctrine. According to the movant, the House of Representatives and the Senate passed different versions of Public Law 80-772. Because of this, the movant claims that all statutes established by it, including all federal criminal offenses and 18 U.S.C. §3231, are invalid and unconstitutional. (Cv-DE#1; Cv-DE#3).

It appears that the movant's argument has never been accepted by any federal court. Most recently, in United States v. Abdullah, 289 Fed. Appx. 541, 543 n. 1 (3d Cir. 2008) the Third Circuit

---

[1] For federal purposes, a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, Bond v. Moore, 309 F.3d 770 (11 Cir. 2002); Coates v. Byrd, 211 F.3d 1225 (11 Cir. 2000). Ordinarily, a petition for writ of certiorari must be filed within 90 days of the date of the entry of judgment, rather than the issuance of a mandate. Supreme Court Rule 13.

[2] See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

4

rejected the identical challenge, finding in pertinent part as follows:

> ...where an indictment charges a defendant with violating the laws of the United States, §3231 provides the district court with subject matter jurisdiction and empowers it to enter judgment on the indictment. The 1948 amendment to that statute, Public Law 80-772, passed both houses of Congress and was signed into law by President Truman on June 25, 1948. See United States v. Risquet, 426 F.Supp.2d 310, 311 (E.D.Pa. 2006). The statute relied upon for jurisdiction in this case was properly enacted and is binding. Even if the 1948 amendment to §3231 were somehow defective, the District Court would retain jurisdiction over this case because the predecessor to §3231, which Petitioner does not challenge, provides for such jurisdiction as well. Id. at 311.

See also, Cardenas-Celestino v. United States, 2008 WL 2020178 *4 (W.D. Mo. 2008)(citations omitted); United States v. Collins, 510 F.3d 697, 698 (7th Cir. 2007); United States v. Campbell, 221 Fed.Appx. 459, 461 (7th Cir. 2007); United States v. Felipe, 2007 WL 2207804 at *2 (E.D. Pa. 2007); United States v. Risquet, 426 F.Supp.2d 310, 311-12 (E.D. Pa. 2006). Accordingly, this court finds that subject matter jurisdiction was proper under 18 U.S.C. §3231, and therefore, the movant is entitled to no relief on this claim.

In **claim two**, the movant asserts that his conviction for violation of 18 U.S.C. §922(g) is unconstitutional because Congress overextended its Commerce Clause power.

The Eleventh Circuit has specifically rejected such a claim. See United States v. Nichols, 124 F.3d 1265, 1266 (11th Cir. 1997)(rejecting the argument that §922(g) was unconstitutional because the term "commerce" was not defined as "interstate or foreign commerce" and holding that "the phrase in or affecting commerce" indicates Congressional intent to assert its full

5

Commerce Clause power); United States v. McAllister, 77 F.3d 387, 390 (11th Cir. 1996).

In **claim four**, the movant asserts that he is currently challenging state court convictions and is therefore preserving the right to return to the federal courts to challenge the prior convictions used to enhance his sentence.

The law is clear that once the movant successfully attacks in the state forum his prior state convictions used to determine his criminal history points in this case, at that time he may then seek to reopen and reduce the federal sentence. See United States v. Walker, 198 F.3d 811, 813 (11 Cir. 1999).

However, it is also well settled that collateral attacks on prior convictions are generally prohibited in federal sentencing proceedings, and may be raised only when the conviction was obtained in violation of the defendant's right to counsel. United States v. Phillips, 120 F.3d 227, 231 (11 Cir. 1997)(citing, Custis v. United States, 511 U.S. 485 (1994)); United States v. Farris, 77 F.3d 391, 397 & n. 10 (11 Cir.), cert. denied, 519 U.S. 896 (1996). Moreover, the Supreme Court has held that a federal prisoner who has failed to pursue available remedies to challenge a prior conviction (or has done so unsuccessfully) may not collaterally attack that conviction through a motion pursuant to 28 U.S.C. §2255 directed at the enhanced federal sentence. Daniels v. United States, 523 U.S. 374 (2001), citing, Custis v. United States, 511 U.S. 485, 493 (1994)(only prior convictions which may be collaterally attacked at sentencing were those obtained in violation of the right to appointed counsel). The movant does not assert that he was not represented by counsel. The movant has also not shown that the prior conviction he is challenging in this proceeding has been vacated, and there is nothing of record to

6

support such a conclusion. Thus, there appears to have been no legal basis to challenge the validity of underlying state conviction at the time of the movant's sentencing in federal court.

## Conclusion

It is therefore recommended that: (1) this motion to vacate be granted solely as to claim three; (2) the criminal judgment be vacated and a resentencing hearing had; and, (3) the remaining claims be denied on the merits.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 1st date of March, 2010.

_____
UNITED STATES DISTRICT JUDGE

cc: Renier Herrera, Pro Se
    Reg. No. 77019-004
    F.C.C.-Coleman
    P.O. Box 1033
    Coleman, FL 33521
    (address of record)

    Renier Herrera, Pro Se
    Dade County Jail
    1321 N.W. 13th Street
    Miami, FL 33125

    Brandy Brentari Galler, AUSA
    U.S. Attorney's Office
    99 N.E. 4th Street
    Miami, FL 33132